UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No. _____ |
| M&K WAREHOUSES, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT AND PETITION FOR INJUNCTIVE RELIEF

### Nature of Action

1.

This action is a citizen suit brought pursuant to section 505 of the Clean Water Act, 33 U.S.C. § 1251, et seq. (the "CWA"). Plaintiff Chattahoochee Riverkeeper, Inc. ("CRK") seeks a declaratory judgment, injunctive relief, the imposition of civil penalties of up to $37,500 per day for each violation, and the award of attorney's fees and expenses of litigation for the repeated and ongoing violations by the Defendant M&K Warehouses, LLC ("Defendant") of sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, relating to the

discharge of pollutants without a permit into the Chattahoochee River and an unnamed tributary to the River.

## Jurisdiction and Venue

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a).

3.

Pursuant to 33 U.S.C. § 1365(b), CRK has provided adequate notice to Defendant of the violations that are the subject of this lawsuit, with copies to the persons designated under the applicable regulation, 40 C.F.R. § 135. (August 11, 2014 Letter from Andrew M. Thompson to Defendant, a true and correct copy of which is attached hereto as Exhibit "A").

4.

More than sixty days have passed since notice of the violations was served, and the violations complained of are continuing or reasonably likely to continue.

5.

The CWA violations alleged herein occurred and will continue to occur in the Northern District of the State of Georgia. Venue is proper in this Court

pursuant to 33 U.S.C. § 1365(c)(1) and 28 U.S.C. § 1391.

6.

The discharge of pollutants without a permit from industrial activities on Defendant's property and the unlawful discharges alleged herein are ongoing violations of sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342. The violations will continue absent intervention by the Court.

**Parties**

7.

CRK is a nonprofit corporation organized under the laws of the State of Georgia with over 7,000 members, and its primary office in Atlanta, Georgia. CRK's mission is to advocate and secure the protection and stewardship of the Chattahoochee River and its tributaries and watershed, in order to restore and conserve their ecological health for the people, fish and wildlife that depend on the river system.

8.

Defendant M&K Warehouses, LLC is a limited liability company organized under the laws of the State of Georgia with its principal office address listed with the Georgia Secretary of State as 85A Mill Street, Suite 100, Roswell, Georgia

3

30075, and is a "person" subject to suit under the CWA, 33 U.S.C. §§ 1362(5) and 1365(a).  Defendant may be served with process by delivering this complaint and summons to Defendant's registered agent, Thompson, O'Brien, Kemp & Nasuti, 40 Technology Parkway South, Suit 300, Norcross, Georgia 30092.  Defendant is subject to the jurisdiction of this Court.

**<u>Standing</u>**

9.

Defendant owns an industrial property at 525 Frederick Court SW, Atlanta, Georgia 30336 (the "Frederick Court Site"), and the discharge of pollutants without a permit from the Frederick Court Site has unlawfully and negatively impacted the Chattahoochee River and an unnamed tributary to the Chattahoochee River.

10.

The tributaries to the Chattahoochee River are a significant part of the Chattahoochee River system.  CRK members recreate and fish in and on the Chattahoochee River downstream of the discharge of Defendant.  The quality of the Chattahoochee River and its tributaries affects the recreational, aesthetic, and environmental interests of CRK's members.

11.

CRK members have suffered injuries to their recreational, aesthetic and environmental interests due to the continued unpermitted discharge of pollutants by Defendant into the Chattahoochee River and its unnamed tributary.  In particular, the ability of CRK members to utilize the Chattahoochee River for recreational activities has been adversely affected due to the degradation of the water quality and the destruction of aquatic life.

12.

The injuries of CRK's members are directly traceable to Defendant's acts and omissions challenged herein.

13.

CRK members have been and continue to be injured as a result of Defendant's acts and omissions and these injuries are likely to be redressed by the requested relief.  CRK's interest in this proceeding falls squarely within the zone of interests protected by the CWA.

**Facts Common to All Counts**

14.

In 1972, Congress passed the CWA, "to restore and maintain the chemical,

physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

15.

The CWA provides that any citizen may commence a civil action on his own behalf against any person who is alleged to be in violation of an effluent standard or limitation under the CWA.  33 U.S.C. § 1365(a)(1)(A).

16.

The Chattahoochee River and its unnamed tributary constitute waters of the State of Georgia for purposes of the Georgia Water Quality Control Act (the "GWQCA"), O.C.G.A. § 12-5-20 *et seq.*, and waters of the United States for purposes of the CWA.

17.

Defendant is the owner of the Frederick Court Site at which American Sealcoat Manufacturing LLC ("American Sealcoat") conducts industrial activities, including but not limited to the manufacture of asphalt emulsion pavement sealcoat and related products.

18.

Industrial materials are stored outside and exposed to rain at the Frederick Court Site.  As rain comes into contact with the above materials, the rain picks up

pollutants and transports them in storm water through point sources to nearby waters, including the Chattahoochee River and its unnamed tributary.  In addition, as rain falls on exposed soil at the Frederick Court Site, it causes erosion and sedimentation and the resulting discharge of pollutant-laden storm water through point sources into nearby waters, including the Chattahoochee River and its unnamed tributary.

19.

In addition, a black, petroleum-based liquid containing carcinogenic chemicals and other pollutants associated with the industrial activities at the Frederick Court Site are discharged from a point source into nearby waters, including the Chattahoochee River and its unnamed tributary.

**Regulatory Context and Georgia's General Permit for Discharges of Storm Water from Industrial Activities**

20.

Section 301 of the CWA prohibits the discharge of pollutants from point sources into "waters of the United States" except in accordance with standards promulgated and permits issued under other sections of the CWA. 33 U.S.C. § 1311(a).

7

21.

The CWA makes it unlawful for any person to discharge a pollutant from a point source in violation of a National Pollution Discharge Elimination System ("NPDES") permit.  33 U.S.C. § 1342.

22.

"Discharge of a pollutant" is defined in the CWA as "any addition of any pollutant to navigable waters from any point source."  33 U.S.C. § 1362(12).

23.

The CWA's requirements and prohibitions apply to both owners and operators. *E.g.* 33 U.S.C. §§ 1311(g)(2), 1318(a), 1362(5).

24.

Under the NPDES, the EPA issues permits for the discharge of pollutants into waters of the United States where certain conditions are met.  33 U.S.C. § 1342.   This permitting authority has been delegated to the Georgia Environmental Protection Division (the "EPD") pursuant to 33 U.S.C. § 1342.

25.

The EPD issues NPDES permits to qualifying entities under authority granted by O.C.G.A. § 12-5-30.

26.

On August 1, 2006, the General NPDES Permit for Discharges of Storm Water from Industrial Activities, GAR000000 (the "General Permit"), became effective in Georgia and a revised version was reissued as GAR050000 and became effective on June 1, 2012.  The General Permit requires owners and operators of industrial facilities, such as Defendant, to file a notice of intent under the General Permit and comply with the provisions of the General Permit.

## Count I – Discharge of Pollutant-Laden Stormwater in Violation of the CWA, 33 U.S.C. §§ 1311 & 1342

27.

CRK repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

28.

As described above, Defendant has discharged, and continues to discharge, pollutants in storm water through point sources into waters of the United States from industrial activities at the Frederick Court Site.

29.

Despite the discharge of pollutant-laden storm water from the Frederick Court Site, Defendant has not filed a notice of intent under the General Permit to

discharge storm water from industrial activities at the Frederick Court Site and Defendant has not obtained an individual NPDES permit for a point source discharge.

30.

The continuing discharge of pollutants in storm water from industrial activities at the Frederick Court Site violates the CWA, 33 U.S.C. §§ 1311 and 1342, and federal regulations.

31.

Further, Defendant has failed to comply with the provisions of the General Permit in regard to the activities that have taken place at the Frederick Court Site.

32.

Part 5 of the General Permit requires that Defendant prepare a Storm Water Pollution Prevention Plan for the industrial activities at the Frederick Court Site.

33.

Defendant has failed to prepare a Storm Water Pollution Prevention Plan in accordance with Part 5 of the General Permit.

34.

Part 6 of the General Permit requires that Defendant conduct storm water

sampling and monitoring in accordance with the Permit.

35.

Defendant has failed to conduct storm water sampling and monitoring in accordance part 6 of the General Permit.

36.

Part 7 of the General Permit requires that Defendant provide monitoring data, annual reports, and additional reporting to EPD.

37.

Defendant has failed to provide monitoring data, annual reports, and additional reporting to EPD in accordance with part 7 of the General Permit.

38.

Part 4 of the General Permit requires that Defendant conduct regular inspections of the Frederick Court Site.

39.

Defendant has failed to conduct inspections of the Frederick Court Site in accordance with Part 4 of the General Permit.

40.

Part 7.5 of the General Permit requires that Defendant retain records relating

to its storm water and storm water control practices.

41.

Defendant has failed to retain records in accordance with Part 7.5 of the General Permit.

42.

Parts 6.3.1 and 7.3 of the General Permit require that Defendant document and report violations of the General Permit to the EPD.

43.

Defendant has failed to document and report violations of the General Permit to EPD in accordance with Parts 6.3.1 and 7.3 of the General Permit.

44.

Parts 2.1 of the General Permit requires that Defendant properly design, install, and maintain adequate control measures, including best management practices ("BMPs"), for storm water at the Frederick Court Site.

45.

Defendant has failed to properly design, install, and maintain adequate control measures, including BMPs, for storm water at the Frederick Court Site, as required by the General Permit.

46.

Part 3 of the General Permit requires that Defendant conduct appropriate corrective actions upon the occurrence of any of the conditions set forth in Parts 3.1 and 3.2 of the General Permit.

47.

Defendant has failed to conduct appropriate corrective actions as required by Part 3 of the General Permit

48.

The above-described violations are ongoing, have occurred daily and continued from day to day at least since the effective date of the revised General Permit, June 1, 2012, and are unlawful under the CWA, 33 U.S.C. §§ 1311 and 1342, the GWQCA, and federal and state regulations.

49.

As a result of Defendant's ongoing violations of sections 301 and 402 of the CWA, Defendant is subject to civil penalties of up to $32,500 per day for each violation occurring on or before January 12, 2009, and civil penalties of up to $37,500 per day for each violation occurring thereafter.  33 U.S.C. § 1319(d); 40 C.F.R. 19.4.

50.

Substantial and irreparable harm to CRK and its members has occurred and will continue to occur if preliminary and permanent injunctions are not issued enjoining Defendant from discharging storm water from the Frederick Court Site until Defendant files a notice of intent to be covered by, and complies with the provisions of, the General Permit or obtains an individual NPDES permit for the discharges of pollutants from the Frederick Court Site.

<u>**Count II – Discharge of Pollutants**</u>
<u>**in Violation of the CWA, 33 U.S.C. §§ 1311 & 1342**</u>

51.

Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

52.

Section 301 of the CWA prohibits the discharge of pollutants into "waters of the United States" except in accordance with standards promulgated and permits issued under other sections of the CWA.  33 U.S.C. § 1311(a).

53.

The CWA makes it unlawful for any person to discharge from a point source in violation of a NPDES permit.  33 U.S.C. § 1342.

14

54.

The discharge of a black oily substance and other pollutants from the Frederick Court Site violates the CWA, 33 U.S.C. §§ 1311 and 1342, and federal regulations.

55.

Defendant's violations are ongoing and are unlawful under the CWA, 33 U.S.C. §§ 1311 and 1342, the GWQCA, and federal and state regulations.

56.

As a result of Defendant's ongoing violations of sections 301 and 402 of the CWA, Defendant is subject to civil penalties of up to $32,500 per day for each violation occurring on or before January 12, 2009, and civil penalties of up to $37,500 per day for each violation occurring thereafter.  33 U.S.C. § 1319(d); 40 C.F.R. 19.4.

57.

Substantial and irreparable harm to CRK and its members has occurred and will continue to occur if preliminary and permanent injunctions are not issued enjoining Defendant from discharging pollutants from the Frederick Court Site until Defendant obtains an individual NPDES permit for the discharges of

pollutants from the Frederick Court Site.

WHEREFORE, CRK demands a jury trial on all issues triable to a jury, and respectfully requests this Court to grant the following relief:

(a)     Enter a declaratory judgment declaring that:

    (i)     Defendant has engaged in the illegal discharge of pollutants into the waters of the United States since at least the effective date of the revised General Permit, June 1, 2012.

    (ii)    Defendant has been and is in violation of the CWA, 33 U.S.C. §§ 1311 and 1342;

(b)     Issue preliminary and permanent injunctions prohibiting Defendant and any of its lessees, agents, employees, successors or assigns from conducting any activities that constitute, continue, or may result in the discharge of storm water from the Frederick Court Site, directly or indirectly, into the Chattahoochee River and its unnamed tributary, unless and until such activities have been validly permitted under the CWA;

(c)     Issue a permanent injunction requiring Defendant to remove and remediate the deposits of the black oily substance discharged from

Frederick Court Site into the Chattahoochee River and its unnamed tributary;

(d)     Enter a judgment assessing against Defendant civil penalties in the amount of $32,500 per day for each violation occurring on or before January 12, 2009, and civil penalties of $37,500 per day for each violation occurring thereafter, pursuant to 33 U.S.C. § 1319(d) and 40 C.F.R. § 19.4.

(e)     Award CRK its costs and expenses of this action including reasonable attorneys' fees and expert witness fees pursuant to the CWA, 33 U.S.C. § 1365(d); and

(f)     Award such additional relief as this Court deems just and proper.

This 25th day of November, 2014.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ Andrew M. Thompson*
Andrew M. Thompson
Georgia Bar No. 707319
Christopher J. Bowers
Georgia Bar No. 071507

Suite 3100, Promenade
1230 Peachtree Street, NE
Atlanta, Georgia 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 685-7001

Attorneys for Plaintiff Chattahoochee
Riverkeeper, Inc.

SGR/12422336.1

18